O
JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO E. PEREZ,<br><br>        Petitioner,<br><br>        v.<br><br>CRAIG KOENIG, Warden,<br><br>        Respondent. | Case No. CV 21-3912 CAS (MRW)<br><br>**ORDER DISMISSING ACTION** |

    The Court grants the Attorney General's <u>unopposed</u> motion to dismiss this habeas corpus action for (a) lack of jurisdiction and (b) failure to state a cognizable claim.

                              \* \* \*

    1.    Petitioner is a state prisoner. In 1991, he was convicted of murder and sentenced to 19 years to life in prison. (Docket # 1 at 2.) According to the California Attorney General, the state parole board denied parole to Petitioner on several occasions. The most recent denial was in

1  August 2019.  His next parole hearing is scheduled for August 2022.
2  (Docket # 10 at 3-4.)
3     2.   Petitioner's federal habeas petition broadly challenges aspects
4  of the state's parole system and the most recent denial of his request for
5  parole.  (Docket # 1 at 5-6.)  The Attorney General moved to dismiss the
6  petition.  The Attorney General argued that the claims in the petition do
7  not present a federal constitutional claim upon which relief may be
8  granted.  (Docket # 10.)
9     3.   Magistrate Judge Wilner issued two orders informing
10 Petitioner of his obligation to respond to the Attorney General's dismissal
11 motion.  (Docket # 12, 13.)  Both orders informed Petitioner that, under the
12 Local Rules of Court, an unopposed motion is deemed consent to the relief
13 requested in the motion.  However, Petitioner failed to respond to either
14 order or to substantively oppose the motion.
15                                  * * *
16    4.    If it "appears from the application that the applicant or person
17 detained is not entitled" to habeas relief, a court may dismiss a habeas
18 action.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254
19 Cases in United States District Courts (petition may be summarily
20 dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2
21 (magistrate judge may submit proposed order for summary dismissal to
22 district judge "if it plainly appears from the face of the petition [ ] that the
23 petitioner is not entitled to relief").
24    5.    Local Rule of Court 7-9 requires a party to file a memorandum
25 stating the basis for that party's opposition to a motion.  Local Rule 7-12
26 states that the "failure to file any required document [ ] may be deemed
27 consent to the granting or denial of the motion."
28

\* \* \*

6. The scope of federal review of adverse parole determinations is quite narrow. The sole federal constitutional issue that a court may consider is whether a prisoner received "minimal" due process protections: "an opportunity to be heard" and "a statement of reasons" for the denial of parole. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). A federal court does not have subject matter jurisdiction to review the merits of the parole hearing, reweigh the evidence presented to the board, or evaluate a prisoner's claim for parole under state guidelines. If the state provided "fair procedures" in the parole process, "that is the end of the matter" on federal review. Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011); Harrison v. Shaffer, 835 F. App'x 278, 279 (9th Cir. 2021) (affirming dismissal of § 1983 action challenging denial of parole; prisoner "failed to allege facts sufficient to state a plausible due process claim").

7. Petitioner failed to plead a plausible or recognizable constitutional claim for habeas relief. The petition does not allege that the state parole board violated the minimal due process rights (opportunity to address the parole board or receipt of an explanation of the denial of parole) identified in Cooke. To the contrary, the petition challenges the substance of the board's basis for denying him parole: Petitioner's "lack of insight" regarding his criminal conduct. (Docket # 1 at 6.) That is insufficient to state a habeas claim under the federal constitution or for this Court to exercise jurisdiction. Roberts, 640 F.3d at 1045-46.

8. The remainder of the petition consists of broad challenges to the substance of the state's statutory scheme for evaluating parole requests. Those state law considerations are not cognizable on federal

habeas review.[1]  28 U.S.C. § 2254(a); Cooke, 562 U.S. at 219, 222 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

      9.      Additionally, Local Rule 7-12 warrants dismissal of the case. The Court informed Petitioner of this requirement in two previous orders. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019).  Petitioner did not respond to the Attorney General's dismissal motion.  Petitioner's failure to oppose the motion signifies his consent to the dismissal of the action.

      Therefore, the present action is DISMISSED.

      IT IS SO ORDERED.

Dated: November 2, 2021

_____
HON. CHRISTINA A. SNYDER
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The petition does not present any cognizable claim regarding Petitioner's future parole consideration.  As a result, the Court exercises its discretion to conclude that the habeas petition is not amenable to conversion into a civil rights complaint.  Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016); Richardson v. Board of Prison Hearings, 785 F. App'x 433, 435 (9th Cir. 2021) (same).